FILED

MAR 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELISA WENAS, | No. 08-71287 |
| Petitioner, | Agency No. A095-629-979 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Elisa Wenas, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Wenas established changed or extraordinary circumstances to excuse the delay in filing his asylum application beyond the one-year deadline. *See* 8 C.F.R. §§ 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, we deny the petition as to Wenas' asylum claim.

Substantial evidence supports the agency's finding that Wenas did not suffer past persecution based on the two discriminatory incidents he experienced in Indonesia. *See Wakkary*, 558 F.3d at 1059-60 (being beaten by youths, robbed of sandals and pocket money, and accosted by a threatening mob did not compel a past persecution finding). Thus, contrary to Wenas' contention, he is not entitled to a presumption of future fear. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003). Further, the record does not compel the conclusion that Wenas demonstrated a clear probability of future persecution in Indonesia. *See Ramadan*, 479 F.3d at 658; *Nagoulko*, 333 F.3d at 1018 (possibility of future persecution too speculative). Accordingly, Wenas' withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Wenas did not establish a likelihood of torture by, at the instigation of, or

with the consent or acquiescence of a public official or other person acting in an official capacity in Indonesia.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-949 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**